E-FILED
Thursday, 31 July, 2008 10:32:03 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| GEBRGE SAMPLE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-CV-2103 |
| ) | |
| CHAMPAIGN PARK DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## OPINION

On May 24, 2007, Plaintiff George Sample filed a pro se Complaint (#1) against Defendant, Champaign Park District. Plaintiff alleged race discrimination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e. Specifically, Plaintiff alleged that, in his employment as a bus driver for Champaign Park District, he was assigned routes impossible to complete within the time frame allotted, that he was subsequently discharged on April 15, 2005 for his inability to perform his duties in a timely manner, and that Caucasian bus drivers were not subject to the same demands nor terminated for failing to comply with such demands.

On October 9, 2007, Defendant filed an Answer and Affirmative Defenses (#7). A Discovery Order (#10) was entered on November 26, 2007, and a jury trial was scheduled for October 20, 2008. On June 26, 2008, Defendant filed a Motion for Summary Judgment (#14) and attached documents in support of the motion. On June 27, 2008, notice was sent to Plaintiff that a Motion for Summary Judgment had been filed. Plaintiff was thereby notified that he had 21 days to respond to the Motion. Plaintiff was also notified that, if no response was filed, the Motion could be granted and the case terminated without a trial. Plaintiff has not filed a Response to the Motion for Summary

Judgment. Following this court's careful review of the documents and arguments presented by Defendant, Defendant's Motion for Summary Judgment (#14) is GRANTED.

SUMMARY JUDGMENT

The failure of an opposing party to respond within 21 days after service of a motion for summary judgment "shall be deemed an admission of the motion" under Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois. The Seventh Circuit held that such rules are "entirely proper." Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir. 1994). In failing to respond, the non-movant additionally concedes the movant's version of the facts. Waldridge v. American Hoeschst Corp., 24 F.3d 918, 922 (7th Cir. 1994). The court, however, "may not automatically award summary judgment when the non-moving party stands on his pleadings." Thornton v. Evans, 692 F.2d 1064, 1074 (7th Cir. 1982). Instead, "the district judge must find that construing all material facts in the movant's favor as a result of the non-movant's defaulted filing, summary judgment is appropriate." Weinco, Inc. v. Katahn Assocs., Inc., 965 F.2d 565, 568 (7th Cir. 1992).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." Waldridge, 24 F.3d at 920.

In this case, Defendant has provided a detailed statement of undisputed material facts with supporting documentation. Briefly summarized, the facts show that Plaintiff, an African American male, was employed by Defendant as a part-time bus driver charged with transporting Park District

program participants, staff, and volunteers to and from many of Defendant's programs. Plaintiff would regularly have non-working time between assignments and was directed to record only those hours he actually worked on his time sheet. In June 2004, Tony Oligney-Estill was hired by Defendant and became Plaintiff's supervisor. In September 2004, Mr. Oligney-Estill began noticing that Plaintiff was recording time on his time sheet for hours he was neither working nor scheduled to work and issued Plaintiff a written warning for this conduct on October 6, 2004. Mr. Oligney-Estill issued a further warning on December 8, 2004 when Plaintiff failed to give timely notification that he was unable to work, and counseled Plaintiff regarding tardiness in excess of 15 minutes on several occasions and failure to pick up some participants altogether.

Plaintiff could not explain instances of more egregious tardiness when asked and was again found to be falsifying his time sheets in February, 2005. Plaintiff was then suspended from March 4, 2005 through March 21, 2005. Upon return to work, Mr. Oligney-Estill gave Plaintiff a written Corrective Action Plan which required Plaintiff to pick up program participants on time, complete time sheets accurately, and work scheduled hours only. The Plan put Plaintiff on notice that violation of its provisions or of any other Park District policies could result in further discipline or even termination. Plaintiff signed the Plan. On April 1, 2005, Plaintiff again falsified his time sheets and was late in picking up and dropping off participants, in violation of the Plan.

Plaintiff was discharged effective April 15, 2005. Defendant issued him a termination letter citing these incidents as recurring unacceptable behaviors and as the reason for Plaintiff's termination.

Plaintiff claims that he was discharged based upon his race in violation of 42 U.S.C. § 2000e-2(a) which makes it unlawful "for an employer . . . to discharge any individual . . . because of such

individual's race." In order to make out a prima facie case, Plaintiff must show that (1) he was within a protected class; (2) his performance met his employer's legitimate expectations; (3) he was terminated; and (4) others not in his protected class received more favorable treatment. E.E.O.C. v. Our Lady of Resurrection Med. Ctr., 77 F.3d 145, 148 (7th Cir. 1996). In this case, Plaintiff has failed to establish elements (2) and (4) of his prima facie case.

Plaintiff alleges that he was well qualified for his position and performed all duties as a bus driver in a manner consistent with policies. He admits to the above-mentioned tardiness and failures to pick up passengers, but implies that this was due to illegitimate expectations in that he was assigned a route impossible to complete in the time allotted. He further alleges that "[i]nvestigation will show that Caucasian bus drivers were not subject to" such impossible route assignments nor were they discharged for failure to perform such duties in a timely manner. However, Plaintiff has provided no evidence in support of these bare allegations, and has even admitted that he does not know if there were any other drivers employed at the time he was fired, that he cannot point to anyone who was treated better than he was regarding their bus schedule, and that Defendant does hire African Americans, some of whom have worked very successfully for the Park District. Further, there is no indication that, upon the several warnings issued by his supervisor reminding him of the expectation that Plaintiff perform punctually and dependably, Plaintiff ever brought to his supervisor's attention his inability to complete the assigned route in the allotted time.

Defendant asserts that Plaintiff did not meet Defendant's legitimate expectations by his repeated tardiness and inconsistent performance, and that no other employees with performance as poor as Plaintiff's have been retained, regardless of race. Further, Defendant asserts that after Plaintiff was discharged, his duties were assumed by other drivers who were also African-American.

These assertions are uncontested by Plaintiff.

Even were Plaintiff able to show that his routes were unreasonably long and that other drivers were not subjected to such exigencies, Defendant can counter the presumption of discrimination created by the Plaintiff's prima facie case by presenting evidence of a legitimate, nondiscriminatory reason for the termination. Our Lady of Resurrection, 77 F.3d at 149. It is then Plaintiff's burden to produce evidence proving that these reasons are merely pretextual. Our Lady of Resurrection, 77 F.3d at 149. Defendant has given one such reason: Plaintiff's repeated falsification of his time records. Certainly, honesty is not an unreasonable expectation for an employee in any setting. Plaintiff has even admitted to falsifying his time records, and has presented no other evidence that this is a pretext for discrimination.

This court, after careful review of all the documentation submitted by Defendant, concludes that no genuine issue of material fact exists which requires a trial. Based on the undisputed facts and applicable case law, this court agrees with Defendant that it is entitled to judgment on Plaintiff's claim as a matter of law.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Summary Judgment (#14) is GRANTED. Judgment is entered in favor of Defendant and against Plaintiff on Plaintiff's Complaint (#1).

(2) This case is terminated. Therefore, the final pretrial conference set for October 10, 2008, at 1:30 p.m. and the jury trial scheduled for October 20, 2008 at 9:00 a.m. are hereby VACATED.

ENTERED this 31st day of July, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE